UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ASHLEY GREENE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:24-cv-00454-HAB-ALT |
| | ) |
| **TRELLEBORG SEALING** | ) |
| **SOLUTIONS US, INC.,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court in this employment discrimination case filed by *pro se* Plaintiff is Defendant's motion (ECF 33) and memorandum (ECF 34), together with a supplemental motion (ECF 39) and memorandum (40), seeking leave to file under seal certain discovery responses designated by Defendant as "Confidential" pursuant to the stipulated protective order entered by the Court on February 24, 2025 (ECF 17-1, 18). As background, the stipulated protective order is limited to the discovery period, expressly stating that it "does not authorize either party to file or maintain any document under seal" absent an authorizing statute, court rule, or further leave of Court. (ECF 18 at 1).

Defendant states that the only reason it filed its discovery responses on the record is because Plaintiff is proceeding *pro se*, and Local Rule 26-2(a)(2)(A) requires that "[a]ll discovery material in cases involving a pro se party must be filed." N.D. Ind. L.R. 26-2(a)(2)(A); (*see* ECF 34 at 1). In the supplemental motion, Defendant asks that the documents filed at ECF 28-4, 28-5, 28-6, and 31-3 be maintained under seal because they contain Plaintiff's personnel records produced by Defendant and several non-parties, which include personal identifiable information ("PII") protected by Federal Rule of Civil Procedure 5.2. (ECF 40 at 1-2).

Defendants add that the documents filed at ECF 31-3 additionally contain Defendant's "non-public business information, such as the employee handbook and insurance declaration page." (*Id.* at 2). Defendants also request that the documents filed at ECF 30-1 to 30-5 be maintained under seal because they contain Plaintiff's medical records, which include PII. (*Id.* at 2). Similarly, Defendants seek to maintain the documents filed at ECF 31-1 and 31-2 under seal because they contain Plaintiff's records from the Social Security Administration. Defendant is uncertain at this juncture whether these documents will ultimately be relevant to the Court's decision as to the claims and defenses in this case, and asks that the Court seal these documents "because the public interest presumption is inapplicable (or significantly muted)" and sealing "promotes the free exchange of discovery." (ECF 34 at 3).

      The Court agrees that, at this juncture, there is likely "good cause" to seal Plaintiff's medical records, Social Security records, and *private* personnel information. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). To clarify, "not all information in an employee's personnel file is considered private. Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006) (citation omitted); *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). And while "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002); *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind.

June 17, 2008) (denying leave to file the plaintiff's personnel and medical information under seal where the information was central to the case).

As to Defendant's "non-public business information" (ECF 40 at 2), the Court is less persuaded that these documents need to be sealed. "'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook v. Boston Sci. Corp.*, 206 F.R.D. 244, 248 (7th Cir. 2001). "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id*. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

However, given that the only reason Defendant filed its discovery responses on the record is to comply with Local Rule 26-2(a)(2)(A) due to Plaintiff's *pro se* status, and that Defendant's "non-public business information" is filed in the same docket entry with Plaintiff's personnel information, which includes PII (*see* ECF 31-3), the Court will GRANT the motion to seal (ECF 33) and supplemental motion to seal (ECF 39) permit all the documents in ECF 28-4 to 28-6, 30-

3

1 to 30-5, and 31-1 to 31-3 to remain under seal for now. Having said that, the parties are FOREWARNED that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citations and quotation marks omitted). Therefore, should any of these documents maintained under seal become material to any Court ruling, the nondisclosure of the confidential information may be revisited by the Court *sua sponte*.

    SO ORDERED.

    Entered this 22nd day of October 2025.

                                              /s/ Andrew L. Teel
                                              Andrew L. Teel
                                              United States Magistrate Judge